UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01278-SVW-AFM | Date | 9/4/2019 |
| Title | *James Domen et al v. Vimeo, Inc., et al* | | |

## JS-6

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK AND DENYING MOTION TO DISMISS FOR IMPROPER VENUE [12]

I. **Factual Background**

Plaintiffs James Domen and Church United ("Plaintiff") filed this lawsuit against defendant video-sharing provider Vimeo, Inc. ("Defendant") over Vimeo's alleged censorship of their videos. Dkt. 1, pg. 1. Plaintiff alleges that Defendant's decision to terminate Plaintiff's user account on its video-sharing website based on the content of five uploaded videos by Plaintiff constitute discrimination under Article 1, Section 2 of the California Constitution, a violation of Plaintiff's Free Speech rights under the US Constitution, and a violation of California's Unruh Act. Dkt. 1, pp. 7-11.[1]

Defendant moved to dismiss this action for improper venue under Rule 12(b)(3) or 28 U.S.C. § 1406(a), or in the alternative to transfer to the Federal District Court for the Southern District of California pursuant to 28 U.S.C. §1404(a). Dkt. 12. Defendant argues that Plaintiffs are bound by the forum-selection clause in the Terms of Service ("TOS") they assented to upon creation of their

---

[1] Because this Court determined that venue transfer is appropriate under 1404(a), it notes but refrains from analyzing the substantive problems Plaintiffs may encounter in arguing that private actors ought to be liable for First Amendment violations.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01278-SVW-AFM | Date | 9/4/2019 |
|---|---|---|---|
| Title | *James Domen et al v. Vimeo, Inc., et al* | | |

video-sharing and again upon upgrading to a "PRO" subscription. *Id.* at 4-5. The TOS states in relevant part that:

> "Any action arising out of or relating to this Agreement or your use of the Vimeo Service must be commenced in the state or federal courts located in New York County, New York State, United States of America (and you consent to the jurisdiction of those courts)."

Plaintiff opposes the Motion to Dismiss or Transfer, arguing both that (1) a motion to dismiss for improper venue is an inappropriate response to a forum selection clause, and (2) that a transfer order under § 1404(a) would not be in the interests of justice. Dkt. 14, pg. 5. They argue that it would inflict substantial costs upon Plaintiff and contravene a strong California public policy against discrimination on the basis of religion or sexual orientation. *Id.* Plaintiff's Opposition does not contend that the forum-selection clause is invalid, or that it does not apply to the causes of action Plaintiff has alleged, so this order focuses solely on whether given these undisputed facts, either of Defendant's motions should be granted, given the existence of a valid, applicable forum-selection clause. *Id.*

II. **Legal Standard**

As articulated in *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013), a valid, applicable forum-selection clause "does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), [but] the clause may be enforced through a motion to transfer under § 1404(a)." *Id.* at 59. Venue is only "wrong" or "improper" if the general venue requirements of 28 U.S.C. § 1391 are not met. *Id.* at 57.

Section 1391(b) states in relevant part that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located". Under subsection (d) a corporate entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). A party that fails to raise an objection to personal jurisdiction at the first opportunity has waived its personal-jurisdiction arguments and is subject to personal jurisdiction with respect to that particular case. Fed. R. Civ. P. 12(g)(2); (h)(1)(A).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01278-SVW-AFM | Date | 9/4/2019 |
| Title | *James Domen et al v. Vimeo, Inc., et al* | | |

    When a valid forum-selection clause applies, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Atlantic Marine*, at 64. Instead, a court should consider only public interest factors, such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic Marine*, n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). Only in "extraordinary circumstances unrelated to the convenience of the parties", should a motion to transfer be denied. *Id.* Prior Supreme Court decisions indicate that forum-selection clauses "should be held unenforceable if enforcement would contravene a strong public policy of the forum state in which suit is brought". *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Read together, *Bremen* and *Atlantic Marine* make it clear that (1) a valid forum-selection clause should be addressed through a motion to transfer under 1404(a) rather than dismissal, and that (2) only in exceptional circumstances dealing with "public interests" (including forum state public policy) should district courts deny venue transfer pursuant to a valid forum-selection clause.

    California's public policy generally favors enforcement of forum-selection clauses. *Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 918-19 (9th Cir. 2009). California's public policy also strongly supports eradication of discrimination based on religion and sexual orientation, as codified in the Unruh Act. Cal. Civ. Code § 51(b). But California courts have generally only blocked forum-selection clauses on this basis when *choice of law* provisions expressly limited application of California-based rights and protections. *American Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 15-16 (2001); *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 157 (2015). Federal district courts (including the Southern District of New York) are generally competent to hear all state law claims and any choice of law arguments raised by petitioners. *Schumacher v. Amazon.com LLC*, 2012 WL 13036856, at *4 (C.D. Cal. May 29, 2012); 28 U.S.C. § 1332 (giving federal district courts original jurisdiction over state law claims meeting diversity and amount in controversy requirements).

    III.    **Analysis**

        a.  *Atlantic Marine* **prevents dismissal for improper venue based on a forum-selection clause when venue is otherwise proper under § 1391.**

                                                                                                     :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01278-SVW-AFM | Date | 9/4/2019 |
|---|---|---|---|
| Title | *James Domen et al v. Vimeo, Inc., et al* | | |

Defendant has moved to dismiss for improper venue but did not move to dismiss for lack of personal jurisdiction. Dkt. 12. It has therefore waived any personal jurisdiction arguments and is subject to personal jurisdiction with respect to this case. Fed. R. Civ. P. 12(g)(2), (h)(1)(A). Because it is subject to personal jurisdiction, venue is also proper under 28 U.S.C. § 1391(b)(1), because personal jurisdiction over a corporate entity suffices to create "residency" for purposes of venue analysis. *Cf. Ward v. Certain Underwriters at Lloyd's of London*, 2019 WL 2076991, at *4 (N.D. Cal. May 10, 2019).

Thus, under *Atlantic Marine*, because venue is proper under § 1391(b), Defendant's Motion to Dismiss for Improper Venue must fail. *Id.* at 59. Because a forum-selection clause does nothing to change the jurisdiction of a federal district court, venue is not improper under either Rule 12(b)(3) or § 1406(a). Defendant's Motion to Dismiss for Improper Venue is thus DENIED.

  b. **Transfer to the Southern District of New York is appropriate under Section 1404(a) given viable federal forum exists for all of Plaintiff's claims.**

Plaintiff does not dispute the validity or applicability of the forum-selection clause in question here. Dkt. 14. The forum-selection clause's plain language applies to Plaintiff's claims, which "arise out of" use of Defendant's video-sharing platform because Plaintiffs brought them in response to Defendant's decision to terminate Plaintiff's video-sharing account. *Id.* at 6. Under *Atlantic Marine*, only public interests, not private interests, suffice to challenge application of the forum-selection clause. *Id.* at 64. Plaintiff's arguments raised regarding convenience, cost, and ability to find effective counsel all constitute "private interests", and are unavailing in the context of a valid, applicable forum-selection clause. Dkt. 14, pp. 10-11.

Plaintiff's arguments regarding California public policy also fail because there is no evidence that transfer of venue to a different but equally competent federal district court will prejudice Plaintiff's ability to raise either federal or California-based claims. Federal courts outside California routinely adjudicate Unruh Act claims, and New York itself has similar state law provisions barring discrimination, making it exceedingly likely that a Southern District of New York court will be familiar with the essence of Plaintiff's claims. *Magee v. McDonald's Corporation*, 2017 WL 11178816, at *4-5 (February 15, 2017*); A.L. by and through D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270, 1300 n.16 (11th Cir. 2018); N.Y. Exec. L. §§ 291, 296. Defendant's forum-selection clause does

:  
Initials of Preparer  
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01278-SVW-AFM | Date | 9/4/2019 |
|---|---|---|---|
| Title | *James Domen et al v. Vimeo, Inc., et al* | | |

not specify choice of law provisions, rendering inapposite cases cited by Defendant where California state courts barred application of forum-selection clauses on grounds that they would deprive plaintiffs of the ability to bring those California law causes of action in any form in the new venue. *Verdugo*, at 148-50 (summarizing relevant California cases). Here, Plaintiff can freely bring any California statutory or constitutional claims in the forum agreed to with Defendant, and thus no California policy preventing vindication of individual anti-discrimination rights would be contravened by transfer.

IV.   **Conclusion**

Defendant's Motion to Dismiss for Improper Venue is DENIED. Defendant's Motion to Transfer to the United States District Court for the Southern District of New York is GRANTED.

Initials of Preparer

PMC