TYLER & BURSCH, LLP
Robert H. Tyler, State Bar No. 179572
rtyler@tylerbursch.com
Nada N. Higuera, State Bar No. 299819
nhiguera@tylerbursch.com
Murrieta, California 92562
Telephone: (951) 600-2733
Facsimile: (951) 600-4996

Attorneys for James Domen and Church United

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DOMEN, an individual; and CHURCH UNITED, a California not-for-profit corporation<br><br>Plaintiff,<br><br>v.<br><br>VIMEO, INC., a Delaware for-profit corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 1:19-cv-08418-AT<br><br>**PLAINTIFFS JAMES DOMEN AND CHURCH UNITED'S FIRST AMENDED COMPLAINT**<br><br>1. **Unruh Act Claim under California Civil Code § 51, *et seq.*;**<br>2. **Sexual Orientation Non-Discrimination Act Claim under New York Executive Law § 296, *et seq.*; and**<br>3. **Free Speech Claim under Article 1 § 2 of the California Constitution**<br><br>[*Jury Trial Demanded*] |

Plaintiffs James Domen and Church United, a California not-for-profit corporation (collectively referred to herein as, "Plaintiffs"), by and through their attorneys, bring this complaint for damages and equitable relief against Defendant Vimeo, Inc. ("Vimeo"), a Delaware for-profit corporation.

Plaintiffs assert that Vimeo violated California and New York law by discriminating against Plaintiffs based on religious and sexual orientation discriminatory animus in violation of the *Unruh Civil Rights Act,* section 51, *et seq*. of the *California Civil Code* (the "Unruh Act") and the Sexual Orientation Non-

Discrimination Act, section 296, *et seq*. of the New York Executive Law. Plaintiffs also assert that Vimeo unlawfully restrained Plaintiffs' speech and expression in violation of Article One, Section 2 of the California Constitution (the "Liberty of Speech Clause").

## JURISDICTION AND VENUE

1. This court has complete subject matter jurisdiction over this matter based on diversity under *28 U.S.C.* section 1332(a) (1). This suit involves a controversy between citizens of two different states and exceeds the jurisdictional amount of $75,000, exclusive of costs and interest.

2. At all relevant times, Plaintiffs resided in Orange County, State of California, and Vimeo was headquartered in New York.

3. Plaintiffs initially filed this action in the United States District Court for the Central District of California. However, the case was transferred to the United States District Court for the Southern District of New York based on a forum selection clause in Vimeo's Terms of Service agreement.

4. The causes of action asserted are governed by the California Constitution and California law and/or New York law.

5. Vimeo's liability arose in Orange County, California, the wrongful acts occurred in Orange County, California, and each cause of action set forth herein arose in Orange County. Vimeo's Terms of Service agreement has a New York choice of law clause.

## PARTIES

### Plaintiffs

*Church United*

6. Church United is a California non-profit Religious Corporation.

7. Church United was founded in 1994.

8. Church United's mission is to equip pastors to positively impact the political and moral culture in their communities. Church United currently has over 750 affiliated pastors.

9. Church United's primary strategy is to equip pastors as culture-changers by sending them to Washington, D.C. and Sacramento, California on "Awakening Tours" to meet with and pray for government leaders.

10. "Awakening Tours" focus on the spiritual heritage of the United States and California with nationally-known speakers, including elected officials (U.S. senators, congress members, state senators, and assembly members) who vote to support a biblical worldview.

11. Church United aids pastors in advocating for public policy based on a biblical worldview. Church United advocates for biblical worldviews by informing pastors about legislation and public policy issues.

12. Church United and its affiliated pastors desire to positively impact the State of California and the nation with hope and to preserve their individual rights as pastors to exercise their faith without unlawful infringement.

***James Domen***

13. James Domen is the President and Founder of Church United. He is a pastor and has a masters of divinity degree.

14. James Domen's personal history shapes his role as a pastor and leader of Church United.

15. For three years, James Domen was a homosexual. However, because of his desire to pursue his faith in Christianity, he began to identify as a former homosexual.

16. In July 2009, James Domen married his wife. Together, they have three biological children.

17. James Domen is like many others in California who were formerly homosexual but now identify as heterosexual.

18. James Domen bases his identity on his life as a Christian husband, father, and leader in ministry.

19. James Domen served on staff as a pastor at a church for several years. His service in the church was extremely fulfilling to his life and his identity as a Christian man.

20. Through Church United, James Domen shares his experience with other pastors and helps pastors counsel others that are on their own journey toward a heterosexual identity through a Christian worldview.

**Defendant**

*Vimeo, Inc.*

21. Vimeo is a Delaware for-profit corporation.

22. Vimeo is headquartered in the state of New York.

23. Vimeo was founded in 2004.

24. Vimeo is an online forum for the general public to participate in video based expression and exchange of speech. It allows users to upload, view, share, and comment on videos. Available content includes video clips, music videos, short and documentary films, live streams, and other content such as video blogging and educational videos.

25. Vimeo expressly invites the general public to use its website as a platform for individuals to express their creative work and personal moments from their lives.

26. Vimeo holds itself out as a safe place for users not only to express themselves, but also to disagree and provide critical feedback to other users.

27. Vimeo's website boasts that it is home to more than 90,000,000 video creators worldwide.

28. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 25, inclusive, are presently unknown to Plaintiffs, and for that reason these defendants are sued by such fictitious names.

Plaintiffs are informed and believes and thereon alleges that each of the Doe defendants is in some way legally responsible for the violations of law and injuries and harm caused as alleged herein. If and when appropriate, Plaintiffs will seek leave of court to amend this complaint when the true names and capacities of said defendants are known.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

29. On or about October 2016, Plaintiffs obtained an account with Vimeo for the purpose of hosting various videos, including videos addressing sexual orientation as it relates to religion.

30. During the past two years, Plaintiffs used Vimeo's video hosting service to publish approximately eighty-nine (89) videos. These videos captured various activities of Plaintiffs, including interviews, press conferences, pastors' briefings, and tours.

31. Plaintiffs originally created their account with a free basic membership. Once the account reached its maximum capacity, Plaintiffs upgraded to a Pro Account. A Pro Account requires a monthly fee and allows more features and bandwidth for uploads.

32. On or about November 23, 2018, the day after Thanksgiving, Vimeo sent an email to James Domen informing him that a Vimeo moderator marked the account for review. Attached hereto as **Exhibit "A"** is a true and correct copy of this email.

33. The email explained that "Vimeo does not allow videos that promote Sexual Orientation Change Efforts (hereinafter, 'SOCE')." In support of Vimeo's grounds for the alleged policy violation, the email cited five (5) videos "that espouse this theory."

34. The first video flagged for review was two minutes and thirty-six seconds long wherein James Domen briefly explained his life story, his preferred sexual orientation, the discrimination he faced, and his religion.

35. The second video flagged for review was a promotional video for Freedom March Los Angeles. Freedom March is a nationwide event where individuals like James Domen, who identify as former homosexuals, former lesbians, former transgenders, and former bisexuals, assemble with other likeminded individuals.

36. The third video flagged for review was an NBC produced documentary segment titled, Left Field, which documented and addressed SOCE.

37. The fourth video flagged for review was a press conference with Andrew Comiskey, the founder of Desert Stream, relating to his religion and sexual orientation

38. The fifth video flagged for review was an interview with Luis Ruiz, a survivor of the horrific attack at the Pulse Nightclub in Florida in March 2018. In the video, Luis Ruiz shares his background as a former homosexual and his experience as a survivor of the attack.

39. On or about December 6, 2018, Vimeo terminated Plaintiffs' account because those five videos allegedly violated the following Vimeo guideline: "Vimeo does not allow videos that harass, incite hatred, or include discriminatory or defamatory speech." The Vimeo guideline is attached hereto as **Exhibit "B."**

40. These five (5) videos centered on Church United's Christian principles and James Domen's sexual orientation as a former homosexual.

41. Specifically, the videos involved an effort by Church United to challenge California Assembly Bill 2943 (hereinafter "AB 2943"), which aimed to expand California's existing prohibition on SOCE to apply to talk therapy and pastoral counseling.

42. AB 2943 was eventually pulled by its author, Assembly Member Evan Low, because of the vocal opposition of organizations like Church United and personal testimonies of former homosexuals like James Domen.

43. Neither those five (5) videos regarding AB 2943, nor any of Plaintiffs' other eighty-nine (89) videos, harass, incite hatred, or include discriminatory or defamatory speech.

44. Plaintiffs' account was deleted in an effort to censor James Domen from speaking about his preferred sexual orientation and Plaintiffs' religious beliefs.

45. Plaintiffs are informed, believe, and thereupon allege that Vimeo allows similar stories and testimonials from individuals relating to their sexual orientation including: "Gay to Straight", "Homosexuality is NOT ALLOWED in the QURAN", "LGBTQ barber in NYC", "Gay Baptist Ministers Left Church to Marry Each Other", "LGBTQ Asian American San Gabriel Valley Stories", "The Gay Dad", "Happy Pride! LGBTQ Pride Month 2016" and the like.

46. Vimeo did not provide Plaintiffs with an explanation for the distinction between Plaintiffs' videos relating to sexual orientation, testimonials, events relating to sexual orientation, and the thousands of similar videos related to LGBTQ and sexual orientation.

47. Plaintiffs are informed, believe, and thereupon allege that Vimeo restricted and censored Plaintiffs' videos because those videos were based on a viewpoint regarding sexual orientation and religion with which Vimeo disagrees.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Against Vimeo; and DOES 1 through 25, inclusive.**

**(Unruh Act under California Civil Code § 51, *et seq*.)**

48. Plaintiffs incorporate by reference all the above paragraphs as if each were fully alleged herein.

49. Vimeo's business qualifies as a business establishment under the Unruh Civil Rights Act where Vimeo grants the public access to its website, Vimeo.com, for individuals and creators to share their expressions with others.

50. Vimeo engaged in intentional discrimination in the provision of its services, including discriminating against and censoring Plaintiffs' speech based on Plaintiffs' sexual orientation and religion.

51. Vimeo denied Plaintiffs' full and equal accommodations, advantages, privileges, and services, by deleting Plaintiffs' account based on Vimeo's subjective views about Plaintiffs' sexual orientation and religion.

52. Plaintiffs are informed and believe that Vimeo's actions were taken solely for the purpose of harassment, censorship, oppression, and malice. Such actions were carried out through Vimeo's staff pursuant to Vimeo's discriminatory beliefs regarding sexual orientation and religion.

53. Plaintiffs are informed, believe, and thereupon allege that Vimeo failed to act in good faith when Vimeo refused to address Plaintiffs' concerns or engage in a progressive conversation relating to James Domen's sexuality.

54. Plaintiffs incurred a direct and proximate harm due to Vimeo's actions in this matter.

55. Vimeo's violation of the Unruh Act entitles Plaintiff to recover statutory damages of up to three times the amount of actual damages. Plaintiff incurred substantial damages due to the loss of its viewer base in an amount to be proven at trial, and in no event less than a minimum of $75,000.00. Plaintiffs request that the Court grant the relief set forth in the prayer for relief.

**SECOND CAUSE OF ACTION**

**Against Vimeo; and DOES 1 through 25, inclusive.**

**(Sexual Orientation Non-Discrimination Act - New York Executive Law § 296,** *et seq.***)**

56. Plaintiffs incorporate by reference all the above paragraphs as if each were fully alleged herein.

57. Vimeo's business qualifies as a public accommodation because Vimeo grants the public access to its website, Vimeo.com, as an avenue for individuals and creators to share their expressions with others.

58. Vimeo engaged in intentional discrimination in the provision of its services, including discriminating against and censoring Plaintiffs' speech based on Plaintiffs' sexual orientation and religion.

59. Vimeo denied Plaintiffs' full and equal accommodations, advantages, privileges, and services, by deleting Plaintiffs' account based on Vimeo's subjective views about Plaintiffs' sexual orientation and religion.

60. Plaintiffs are informed and believe that Vimeo's actions were taken solely for the purpose of harassment, censorship, oppression, and malice. Such actions were carried out through Vimeo's staff pursuant to discriminatory beliefs regarding sexual orientation and religion.

61. Plaintiffs are informed, believe, and thereupon allege that Vimeo failed to act in good faith when it refused to address Plaintiffs' concerns or engage in a progressive conversation relating to James Domen's sexuality.

62. Plaintiffs incurred a direct and proximate harm due to Vimeo's actions in this matter.

63. Vimeo's violation of the Sexual Orientation Non-Discrimination Act entitles Plaintiffs to recover compensatory damages. Plaintiffs incurred substantial damages due to the loss of its viewer base in an amount to be proven at trial, and in no event less than a minimum of $75,000.00. Plaintiffs request that the Court grant the relief set forth in the prayer for relief.

### THIRD CAUSE OF ACTION
### Against Vimeo; and DOES 1 through 25, inclusive.
### (Free Speech Claim under Article I, Section 2 of the California Constitution)

64. Plaintiffs incorporate by reference all the above paragraphs as if each were fully alleged herein.

65. Article I, Section 2 of the California Constitution protects individual's liberty of speech and association in public, quasi-public, and limited public spaces.

66. Vimeo created an online public forum, or the equivalent of a public forum, when it created the website, Vimeo.com.

67. Vimeo.com is similar to a public forum because it solicits views from the general public and hosts millions of videos which encourage creativity, speech, and freedom of expression.

68. Plaintiffs are informed, believe, and thereupon allege that Vimeo created the website to establish an avenue for the public to share diverse viewpoints and expressions. Vimeo is open to the public and allows users to engage in a variety of activities including, but not limited to, political advocacy.

69. Vimeo, although a private corporation, created and maintains a marketplace for the public to freely exchange personal ideas.

70. Vimeo created the modern day equivalent of a town square, which provides individuals with a forum to express their ideas and viewpoints.

71. Plaintiffs are informed, believe, and thereupon allege that Vimeo, as a quasi-public forum, is subject to the California Constitution which mandates a viewpoint neutral regulation of speech in public and quasi-public fora.

72. Vimeo is akin to a state actors for the purposes of the Liberty of Speech claims because it operates and holds itself out to the public as the functional equivalent of a public forum, where the general public is invited and solicited to use the platform as a place for freedom of expression and freedom of information.

73. James Domen uses these videos to share his personal story and his experience as a former homosexual, his preferred sexual orientation.

74. Church United seeks to engage in religious expression relating to important public policy issues that affect Christians, especially pastors.

75. Plaintiffs are informed, believe, and thereupon allege that Vimeo unreasonably and discriminatorily restricted Plaintiffs' speech under the Liberty of

Speech Clause by deleting Plaintiffs' account because of the viewpoint expressed in Plaintiffs' videos.

76. Plaintiffs are informed, believe, and thereupon allege that Vimeo has restricted Plaintiffs' videos discussing sexual orientation while refusing to censor similar content discussing sexual orientation.

77. Vimeo's act of censoring Plaintiffs through the deletion of Plaintiffs' Vimeo account amounts to a violation of Plaintiffs' rights to free speech under the California Constitution.

78. Vimeo has no compelling, significant, or legitimate reason which could justify its actions in this matter. Even if such an interest existed, Vimeo would bear the burden of demonstrating that its policies are narrowly or reasonably tailored to further their interest. Vimeo's policy is not reasonably tailored to any such articulable interest. Due to Vimeo's selective restrictions of allowed content, Plaintiffs are unable to post videos or access their previous audience.

79. Plaintiffs are informed and believe that Vimeo's actions were taken solely for the purpose of harassment, censorship, oppression, and malice. Such actions were carried out through Vimeo's staff pursuant to subjective and discriminatory beliefs regarding sexual orientation and religion. Moreover, Vimeo's actions were taken with the intent of depriving Plaintiffs' of the ability to exercise their speech and expression under the California Constitution.

80. Plaintiffs incurred a direct and proximate harm due to Vimeo's actions in this matter. Plaintiffs respectfully request that this court grant the relief set forth in the prayer for relief.

## PRAYER FOR RELIEF

On their foregoing causes of action, Plaintiffs respectfully request the Court to grant the following relief:

A. For monetary damages, general and special, but in no event less than $75,000.00 exclusive of costs and interests.

  B. An award to Plaintiffs of statutory damages, in an amount not less than $4,000 for each of the instances Plaintiffs encountered a violation of the Unruh Act, pursuant to *California Civil Code* section 52(a).

  C. For a declaratory judgment that Vimeo violated Plaintiffs' rights under California's Unruh Act, New York's Sexual Orientation Non-Discrimination Act, and Article I, Section 2 of the California Constitution.

  D. For an injunction requiring Vimeo to reinstate Church United's account with the approximately eighty-nine (89) videos that were on the account.

  E. For attorney's fees and costs pursuant to *California Civil Code* section 52 or other applicable law.

  F. For such other and further relief as this court deems just and proper.

DATED: October 4, 2019    TYLER & BURSCH, LLP

           By: /s/ Robert H. Tyler
             Robert H. Tyler, Esq.
             Attorney for James Domen and Church United

PLAINTIFFS JAMES DOMEN AND CHURCH UNITED'S FIRST AMENDED COMPLAINT